IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KARL HOEPPNER, as Special Administrator of the Estate of MICHAEL JAMES HOEPPNER, Deceased. | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-20-299-RAW<br>) |
| TONY HEAD, et al., | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

### ORDER

Before the court are the motions for summary judgment of defendants Carrus Healthcare, LLC and Elizabeth Rains, R.N. The deceased, Michael James Hoeppner, was arrested in Tushka, Oklahoma, on March 8, 2019. He died on March 9, 2019. This lawsuit contends that he was denied medical treatment and there is a causal nexus between this denial and his death.

As against defendant Rains, plaintiff brings (1) a claim pursuant to 42 U.S.C. §1983 and (2) a claim for negligence/medical malpractice. Rains moves for partial summary judgment as to the second claim. In response, plaintiff states: "Plaintiff does not disagree that his negligence/medical malpractice claim against Nurse Rains should be dismissed without prejudice under the circumstances." (#43 at 1).

As against defendant Carrus Healthcare, LLC, plaintiff brings only the second claim

described above.  Again in response, plaintiff states: "Plaintiff does not disagree that Carrus Health should be dismissed without prejudice under the circumstances." (#44 at 1).  Neither movant has filed a reply to plaintiff's response.  In this posture, the court will construe plaintiff's response as a motion for voluntary dismissal without prejudice pursuant to Rule 41(a)(2) F.R.Cv.P.

Rule 41(a)(2) permits a district court to dismiss an action upon such terms and conditions as the court deems proper. *Frank v. Crawley Petro. Corp.,* 992 F.3d 987, 998 (10th Cir.2021).  The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.  *Id.*  Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action.  *Id.*  Prejudice is a function of practical factors including: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation.  *Id.*

These factors are neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case.  *Id.*  In reaching its conclusion, the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff.  *Id.*  The district court, however, should impose only those conditions which actually will alleviate harm to the defendant.  *Id.*

Regarding defendant Carrus Healthcare, plaintiff represents that counsel had reached a verbal agreement to enter a stipulation of dismissal without prejudice, but Carrus filed its motion for summary judgment anyway. As stated, defendant has not filed a reply. The court does not make any determination on this point, but merely notes that no significant prejudice to Carrus appears on the present record. As to defendant Rains, she will remain a defendant at this time as to the §1983 claim and again any prejudice seems small. Moreover, although dismissal will be without prejudice, the representations in the respective summary judgment motions and responses (good-faith naming of an incorrect party) make it seem unlikely that the dismissed claims will be re-filed.

It is the order of the court that Carrus Healthcare, LLC is hereby dismissed without prejudice as a defendant. The state-law claim against defendant Elizabeth Rains is also dismissed without prejudice. The federal claim against defendant Rains remains pending.

The motions for summary judgment (##35 & 42) are deemed moot.

**ORDERED THIS 10th DAY OF MAY, 2021.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**