IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

(1) KARL HOEPPNER, as Special Administrator of the Estate of MICHAEL JAMES HOEPPNER, deceased,

*Plaintiff,*

vs.

(1) TONY HEAD, in his official capacity as Sheriff of Atoka County, Oklahoma,
(2) CITY OF TUSHKA, OKLAHOMA,
(3) CHARLES SANDERS,
(4) CARRUS HEALTHCARE, LLC, and
(5) ELIZABETH RAINS, RN,

*Defendants.*

Case No. 6:20-cv-00299-RAW

**MEMORANDUM AND ORDER**

Before the Court is Defendant Elizabeth Rains, RN's, Motion for Summary Judgment (Doc. 114). Plaintiff Karl Hoeppner, as Special Administrator of the Estate of Michael James Hoeppner, alleges that Rains violated the deceased's Fourteenth Amendment rights. He seeks relief under 42 U.S.C. §1983. Rains moves for summary judgment, claiming that Plaintiff failed to overcome her qualified immunity defense. Plaintiff responds by asking the Court to defer summary judgment, but he does not file a motion for deferment. Because Plaintiff does not make a motion under Rule 56(d), nor would succeed if such a motion were made, and fails to address the qualified immunity defense, the Court grants Rains' Motion for Summary Judgment.

## I. Factual and Procedural Background[1]

Michael Hoeppner was driving a refrigerated truck from Wisconsin through Tushka, Oklahoma, when Officer Charles Sanders initiated a traffic stop. Sanders received a call about a vehicle, which fit Hoeppner's truck's description, driving erratically. Sanders stopped Hoeppner believing that Hoeppner was on alcohol or drugs. When asked why he was driving erratically, Hoeppner replied that he was "just tired." Hoeppner failed three field sobriety tests, but Sanders did not subject him to a breathalyzer. Sanders arrested Hoeppner and took him to Atoka County Medical Center (ACMC) for a toxicology screening.

At ACMC, Nurse Elizabeth Rains performed a toxicology screening by drawing blood. Rains did not check Hoeppner's medical history. According to Rains' testimony, Hoeppner's vitals were normal, except for his blood pressure, which was lower than normal. Rains noted in her charts that Hoeppner exhibited no signs or symptoms of distress and had even and unlabored breathing. When Rains asked if Hoeppner was okay, he responded, "yeah, I'm okay." After Rains performed the blood draw, Sander took Hoeppner to the county jail.

Hoeppner was not a patient at ACMC and was there for evidence collection only. According to Dr. Susan Tiona, it is uncommon for a person who is present for an evidence collection blood draw to undergo medical clearance. Sanders did not ask Rains to clear Hoeppner for incarceration. At no time did Rains believe that Hoeppner needed medical attention.

Hoeppner died in jail, approximately twenty-four hours after being arrested. The medical examiner who performed the autopsy on Hoeppner determined that he died of bilateral, acute

---

[1] In accordance with summary judgment procedures, the Court has laid out the uncontroverted material facts in the light most favorable to the non-moving party.

bronchopneumonia due to an influenza viral infection. Furthermore, Hoeppner did not have any drugs or alcohol in his system when he died.

Plaintiff filed this lawsuit against Rains on August 27, 2020, for a violation of 42 U.S.C. §1983. On October 22, 2021, Plaintiff served a subpoena duces tecum on ACMC for all medical records relating to Hoeppner, all nursing protocols by ACMC, and all treatment standing orders by ACMC from 2018 to the present. ACMC, a nonparty, moved to quash the subpoena. While the motion was pending, Rains filed the Motion for Summary Judgment. Plaintiff responded to the motion by claiming he "would be clearly prejudiced" if required to answer the motion for summary judgment before the ruling from the magistrate judge. The magistrate judge granted the motion to quash in part and denied it in part.

## II.     Legal Standard

Summary judgment is appropriate if the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[3] The movant bears the initial burden of proof and must point to the lack of evidence on the nonmovant's claim.[4] If the movant carries its initial burden, the nonmovant may not simply rest on its pleadings but must instead set forth specific facts showing a genuine issue for trial as to those matters for which it carries the burden of proof.[5] These facts must be clearly identified through affidavits, deposition

---

[2] Fed. R. Civ. P. 56(a).

[3] *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010) (citations omitted).

[4] *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (citations omitted).

[5] *Id.* (citing *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996)).

transcripts, or incorporated exhibits; conclusory allegations alone cannot survive a motion for summary judgment.[6] The Court views all evidence and reasonable inferences in the light most favorable to the party opposing summary judgment.[7]

### III.     Analysis

Rains moves for summary judgment, claiming that Plaintiff cannot overcome her qualified immunity defense nor establish that she acted with deliberate indifference to Hoeppner's constitutional rights. When a defendant moves for summary judgment under qualified immunity, the burden shifts to the plaintiff to show a violation of clearly established law.[8] Plaintiff responds by asking the Court to defer considering the motion under Rule 56(d) of the Federal Rules of Civil Procedure. However, Plaintiff does not make a motion for deferment under Rule 56(d). Even if he had filed a motion for deferral, on the showing Plaintiff has made, it would not be granted because Plaintiff does not "demonstrate a connection between the information he would seek in discovery and the validity of the defendant's qualified immunity assertion."[9]

Under Rule 56(d), when a party claims that it cannot refute facts essential to justify its opposition to a motion of summary judgment, the court may: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[10] The Tenth Circuit imposes four requirements on a party seeking relief

---

[6] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197–98 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998)).

[7] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004) (citation omitted).

[8] *Gutierrez v. Cobos*, 841 F.3d 895, 900 (10th Cir. 2016) (quoting *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014)).

[9] *Id.* (quoting *Lewis v. City of Ft. Collins*, 903 F.2d 752, 754 (10th Cir. 1990)) (alterations omitted).

[10] Fed. R. Civ. P. 56(d).

under Rule 56(d).[11] The party must: "specify (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment."[12] These factors do not impose a high burden and affidavits submitted under this rule "are entitled to liberal treatment unless they are dilatory or meritless."[13]  In qualified immunity cases, the Tenth Circuit imposes a fifth requirement.[14]  The party must "demonstrate a connection between the information he would seek in discovery and the validity of the defendant's qualified immunity assertion."[15]

Rains does not dispute that Plaintiff successfully meets the four elements in a normal Rule 56(d) claim.  Plaintiff states what facts are not available, why they are not presented currently, what steps he took to obtain these facts, and how additional time will enable him to obtain those facts.  However, Plaintiff fails to "demonstrate a connection between the information he would seek in discovery and the validity of the defendant's qualified immunity assertion."[16] The failure to make a showing on this additional element of a Rule 56(d) request in qualified immunity cases is fatal.[17]  Therefore, Plaintiff would fail to establish a Rule 56(d) motion, had it been made.

---

[11] *Gutierrez*, 841 F.3d 895, 908 (quoting *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015)).

[12] *Id.* (alteration omitted).

[13] *Jones v. City & Cnty. of Denver*, 854 F.2d 1206, 1210 (10th Cir. 1988) (citing *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir. 1984)).

[14] *Gutierrez*, 841 F.3d at 908 (quoting *Lewis*, 903 F.2d 752).

[15] *Id.* (alterations omitted).

[16] *Id.* (alterations omitted).

[17] *See id.* (affirming the district court's grant of summary judgment to the defendant on the ground that Rule 56(d) relief was unwarranted and the plaintiff had failed to address the dispositive qualified immunity issue).

The only response Plaintiff makes to Rains' Motion for Summary Judgment is a discussion of Rule 56(d). He does not address Rains' qualified immunity assertion. The Court thus grants Rains' Motion for Summary Judgment because Plaintiff, bearing the burden at this stage, failed to refute Rains' qualified immunity defense and establish that she acted with deliberate indifference to Hoeppner's constitutional rights.

**IT IS THEREFORE ORDERED** that Rains' Motion for Summary Judgment (Doc. 114) is **GRANTED**. Defendant Rains is dismissed from this case.

**IT IS SO ORDERED.**

Dated this 24th day of June, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE